*Joseph B. & Bryan Cumming*, for plaintiff in error.
*E. P. Davis*, contra.

---

### COMBS, adm'r, *v.* GEORGIA RAILROAD AND BANKING COMPANY.

LUMPKIN, P. J. 1. Even if, under the facts of this case, the railway company was under a legal duty, in approaching the point where the plaintiff's child was struck by its train, to maintain a lookout, yet as the evidence demanded a finding that the servants of the company fully complied with this requirement, a charge of the court to the effect that the company was under no duty to take precautions to prevent killing the child until its presence on the track

was actually discovered was not prejudicial to the plaintiff.    Nor, in view of the facts disclosed by the evidence, is it cause for a new trial that the court in its charge to the jury applied to the child the rule of diligence to be expected of adults.

2. It was in the present case proper to instruct the jury that the omission by a railway engineer to comply with the statutory requirements as to giving signals and checking the speed of his train in approaching a public crossing was not, relatively to the plaintiff's child, an act of negligence.

3. The evidence fully warranted the verdict in behalf of the defendant company, and there was no error in refusing to grant a new trial.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*

Submitted May 1,—Decided July 22, 1902.

Action for damages.    Before Judge Brinson.    Taliaferro superior court.    August 31, 1901.

*Colley & Sims* and *Cloud & Jennings,* for plaintiff.
*Joseph B. & Bryan Cumming,* for defendant.